JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA SANCHEZ, | CASE NO. CV 18-3733-R |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |
| v. | |
| WAL-MART STORES, INC.; et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Remand, which was filed on June 1, 2018. (Dkt. No. 15). Having been thoroughly briefed by both parties, this Court took the matter under submission on August 2, 2018.

On March 2, 2018, Plaintiff filed a complaint in Los Angeles Superior Court alleging twelve causes of action: (1) failure to provide meal breaks, (2) failure to provide rest breaks, (3) failure to pay wages, (4) failure to pay overtime, (5) failure to provide accurate itemized wage statements, (6) unlawful discrimination based upon disability in violation of the Fair Employment and Housing Act ("FEHA"), (7) failure to prevent unlawful discrimination in violation of FEHA, (8) retaliation in violation of FEHA, (9) failure to engage in the interactive process of

accommodation, (10) failure to accommodate, (11) violation of California Business & Professions Code §§17200-17208, and (12) wrongful termination in violation of public policy. Plaintiff served Defendants Sam's West, Inc. ("Sam's West") and Wal-Mart Stores, Inc. ("Wal-Mart") each with a summons and copy of the complaint on March 23 and March 28, 2018 respectively. Defendants filed a Notice of Removal on May 3, 2018. Plaintiff moves to remand to state court.

A defendant may remove a civil action from state court if the action could have originally been filed in federal court. 28 U.S.C. §1441(a). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). The removing party must prove its jurisdictional allegations by a preponderance of the evidence. *Id.* at 567. Courts "may view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists…." *Jankins v. Wells Fargo Bank, N.A.*, No. CV 17-00887 BRO (AJW), 2017 WL 1181562, at *3 (C.D. Cal. March 29, 2017). The Federal Rules do not require that evidence in support of or in opposition to a motion to remand be admissible. *See id.*

In this case, Defendants failed to timely file their notice of removal pursuant to 28 U.S.C. §1446(b)(1), which provides in relevant part, "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Here, Defendants failed to file their notice of removal within 30 days of receiving Plaintiff's initial pleading. Accordingly, the removal is not timely.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is GRANTED. (Dkt. No. 15).

Dated: September 6, 2018.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE